UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUIS DeJESUS | No. 3:23-cr-00039 (MPS) |

**RULING ON MOTION TO SUPPRESS**

On August 15, 2024, I held a telephonic status conference ("TSC") regarding Defendant DeJesus's motion to suppress evidence seized from the searches of 1429 Park Street, Apartment 322 on December 16, 2022, and 19 Warren Street, Apartment 2 on November 20, 2023. I heard argument from the parties and have now concluded that no evidentiary hearing is necessary. For the reasons set forth below, Defendant's motion to suppress is denied as to both searches. I assume the parties' familiarity with the briefs and set forth only as much information as is necessary to understand the basis for this ruling.

### I.     1429 PARK STREET

Defendant alleges that the search of his residence at 1429 Park Street was unlawful because 1) the search warrant affidavit contained statements that were deliberately false and/or were made with reckless disregard for the truth in violation of *Franks v. Delaware*, 438 U.S. 154 (1978), and 2) the search warrant application did not sufficiently establish the reliability and veracity of the Confidential Informant ("CI") used in the Park Street investigation. ECF No. 47 at 1.

#### A. Legal Standards

The Fourth Amendment to the U.S. Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "In determining

1

what constitutes probable cause to support a search warrant when the warrant is based upon information obtained through the use of a confidential informant, courts assess the information by examining the 'totality of the circumstances' bearing upon its reliability." *United States v. Smith*, 9 F.3d 1007, 1012 (2d Cir. 1993).  The judge assessing such warrant applications must evaluate "whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  When, as in this case, a defendant challenges a warrant issued by a judge after such an assessment, "the duty of a reviewing court is simply to ensure that the [judge who issued the warrant] had a substantial basis for concluding that probable cause existed." *Id.* at 238-39 (internal quotation marks and alterations omitted).

        To obtain an evidentiary hearing on a claimed *Franks* violation, a defendant must first make a "substantial preliminary showing" that (1) "a false statement…was included by the affiant in the warrant affidavit," (2) the affiant made the false statement "knowingly and intentionally, or with reckless disregard for the truth," and (3) the allegedly false statement was material, meaning it was "necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56.  If a defendant makes such a showing, he is "entitled to a hearing where he must establish falsity, knowledge, and materiality by a preponderance of the evidence." *United States v. Sandalo*, 70 F.4th 77, 85 (2d Cir. 2023) (internal quotation marks omitted).  If the defendant prevails at this hearing, then "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks*, 438 U.S. at 156.

### B. Discussion

I conclude that the italicized portion of the following statement from the 1429 Park Street search warrant affidavit was, at the very least, misleading:

> *Investigators observed as* the CI[, during the December 2022 controlled buy,] proceeded to the 3rd floor of the [Defendant's] apartment building and entered an apartment with the number "322" displayed on the exterior of the door.

ECF No. 47 at 24 (emphasis added).  As Defendant notes, it was "physically not possible based on the interior layout of the building's hallways and how the individual apartments are constructed within the building" for the investigators—who remained outside the building—to have observed this as they claim.  ECF No. 47 at 11.  The Government has explained in its brief that investigators were able to observe the CI via a video recording from the CI's phone *after* the controlled buy concluded, *see* ECF No. 51 at 10-11, but the Government agrees that they could not view the video contemporaneously—which makes the "investigators observed as" portion of the above-quoted statement at least misleading.  Nonetheless, during the TSC, the Defendant did not dispute that the investigators watched the video after the controlled buy and before they applied for the search warrant, and that timing fits with the substance of the statement, i.e. that investigators verified, through the video, that the third controlled buy took place inside Apartment 322.  Further, the video itself, which I have watched, confirms the part of the statement that the CI "entered an apartment with the number '#322' displayed on the exterior of the door," which also suggests that the affiant viewed the video before applying for a warrant.

The misleading portion of the statement was not material.  First, whether the CI was observed entering the apartment contemporaneously or after the controlled buy does not affect the critical portion of the statement, i.e., that he was observed entering Apartment 322.  Second, even if I concluded that the entire statement quoted above had to be discarded because of its misleading

3

introduction, it would still be immaterial. It pertained to just one of three controlled buys, and there is sufficient evidence, even without the entire statement, that each of these buys occurred at 1429 Park Street, Apartment 322. According to the affidavit, investigators obtained records indicating that Defendant was paying for utilities and receiving mail at Apartment 322, 1429 Park Street, and, before the buys, the investigators reviewed text messages on the CI's phone and witnessed a phone call in which the Defendant told the CI to come to his apartment for the purpose of buying illegal drugs. ECF No. 47 at 22-24. Investigators also observed the CI enter and exit the 1429 Park Street apartment building before and after each buy. *Id.* at 23-24. After the first buy, the CI stated that he/she purchased cocaine from the Defendant "in his 3rd floor apartment." *Id.* at 23. And after the second and third, he/she specified that the buy occurred in Apartment 322. *Id.* at 23-24. Thus, the statement that "[i]nvestigators observed as the CI…entered" Apartment 322 was not necessary to establish that the third controlled buy occurred in Apartment 322.

Defendant also contends that the affidavit contained a material omission because it "failed to mention that there was another individual inside the apartment" during the December 2022 controlled buy. ECF No. 47 at 12. But this is irrelevant because the probable cause issue here relates to whether there was likely to be drugs in the apartment—not who was responsible for dealing those drugs. Because the misleading statement and omission raised by Defendant are both immaterial, I conclude that a *Franks* hearing is not needed in this case.

I also conclude that the search warrant application sufficiently established the credibility of the CI.[1] Before the controlled buys occurred, investigators confirmed that the cell phone number that the CI said belonged to the Defendant was, in fact, subscribed to by the Defendant.

---

[1] As discussed in the TSC, there is some uncertainty as to whether there was a single CI who conducted all three controlled buys or a different CI for each. Given the totality of the evidence described above, however, this does not diminish from the overall credibility of the information obtained from the CI(s).

4

ECF No. 47 at 22. Investigators also implemented procedures to ensure the integrity of the controlled buys. Before each buy, they met with the CI at a prearranged location, at which "the CI was searched for contraband and monies, with none being found." *Id.* at 23-24. Investigators then followed the CI directly to 1429 Park Street, "stopping nowhere and meeting no one while en route." *Id.* There, "[s]urveillance units observed the CI park his/her vehicle and enter the apartment building," and, "[a] short time later, [they] observed as the CI exited the building and reentered his/her vehicle." *Id.* The CI then met with investigators again at a prearranged meeting location, once again "stopping nowhere and meeting no one while en route." *Id.* At the meeting location, the CI provided investigators with bags of "a white powder substance" that later tested positive for cocaine, and "[i]nvestigators…searched the person and vehicle of the CI for contraband and/or monies, with none being found." *Id.* Finally, although this is not necessary to my finding as to the CI's credibility, investigators also corroborated the CI's assertions regarding the apartment in which the controlled buys took place by watching the video recording of the third buy. *Id.*; ECF No. 48. The totality of this evidence provided Superior Court Judge Michael Gustafson with a substantial basis for concluding that there was probable cause that contraband would be found at 1429 Park Street, Apartment 322.

## II.     19 WARREN STREET

Defendant has alleged that the search of his residence at 19 Warren Street was unlawful because 1) the search warrant did not meet the Fourth Amendment's particularity requirement, and 2), as with the CI in the Park Street investigation, the reliability and veracity of the Confidential Source ("CS") used in the Warren Street investigation were not sufficiently established in the search warrant application. ECF No. 47 at 1.

5

## A. Legal Standards

"[T]he Fourth Amendment includes a requirement that the warrant particularly describe the place to be searched, and the persons or things to be seized." *Youngs v. Fusaro*, 179 F. Supp. 3d 198, 204 (D. Conn. 2016) (internal quotation marks and alterations omitted). The warrant must be "sufficiently particularized on its face to provide the necessary guidelines for the search by the executing officers," *United States v. Zemlyansky*, 945 F. Supp. 2d 438, 450 (S.D.N.Y. 2013), allowing them "with reasonable effort [to] ascertain and identify the place intended," *Steele v. United States*, 267 U.S. 498, 503 (1925). But "[c]ourts…have rejected Fourth Amendment challenges to warrants that contain partial misdescriptions of the place to be searched so long as the officer executing the warrant could ascertain and identify the target of the search with no reasonable probability of searching another premises in error." *Velardi v. Walsh*, 40 F.3d 569, 576 (2d Cir. 1994) (internal quotation marks and alteration omitted). And "[w]arrants have been upheld despite 'technical errors,' such as an incorrect street address, when the possibility of actual error is eliminated by other information." *Id.*

As explained above, judges assessing warrant applications that are based upon information obtained from a confidential informant must evaluate "whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238.

## B. Discussion

I reject both of Defendant's arguments as to the 19 Warren Street search for the reasons stated during the TSC. In short, the search warrant for 19 Warren Street was particularized enough to allow officers to identify Defendant's apartment as the place to be searched, and the totality of

the evidence set forth in the affidavit—including the information from the CS, the Defendant's criminal history, the allegations in the Indictment (issued upon a finding of probable cause by a grand jury), and the information available about the earlier search (i.e., 1429 Park Street)—provided U.S. Magistrate Judge Thomas O. Farrish with a "substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 238-39.

### III.  CONCLUSION

For the reasons above, the motion to suppress (ECF No. 46) is DENIED as to both the 1429 Park Street and 19 Warren Street searches.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
            August 23, 2024